**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER SURICO, | No. 13-16342 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00762-GSA |
| v. | |
| TYLER, Sr. Psychologist; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted August 13, 2014[***]

Before:   SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

California state prisoner Christopher Surico appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging that defendants failed to protect him from assault by another inmate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly concluded that Surico failed to exhaust his administrative remedies because Surico did not exhaust prison grievance procedures concerning his claim or show that exhaustion was effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies); *cf. Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing prisoner's failure to exhaust where prisoner is prevented from doing so by a prison official's mistake).

The district court did not abuse its discretion in denying Surico's motions for appointment of counsel because Surico failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the "exceptional circumstances" requirement).

The district court did not err in striking Surico's unauthorized surreply or his "motion for discovery," directed to the court.

**AFFIRMED.**